1  Scott Kalkin, State Bar No. 120791
   **ROBOOSTOFF & KALKIN**
2  A Professional Law Corporation
   369 Pine Street, Suite 820
3  San Francisco, California 94104
   (415) 732-0282
4
   Attorney for Plaintiff Nancy McFarling
5

6

7

8

9                IN THE UNITED STATES DISTRICT COURT

10             FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  Nancy McFarling,                    )    ACTION NO.:
                                        )
13                    Plaintiff,        )    **COMPLAINT**
                                        )
14  v.                                  )
                                        )
15  Life Insurance Company of North     )
    America,                            )
16                                      )
                      Defendant.        )
17  _____)

18                        JURISDICTION

19       1.      This action for declaratory, injunctive, and monetary relief is brought pursuant

20  to § 502 of ERISA [29 U.S.C. § 1132], and the Declaratory Judgment Act, 28 U.S.C. § 2201.

21  This Court has subject matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331

22  because this action arises under the laws of the United States.

23                           VENUE

24       2.      Venue lies in the Northern District of California because, pursuant to ERISA §

25  502 (e) (2) [29 U.S.C. § 1132 (e) (2)], the Calpine Corporation Employee Benefit Plan

26

27  _____

28  Complaint                              1

1   (hereinafter the "PLAN") is administered in this District and the wrongful conduct alleged

2   herein took place in this District.  Venue is also proper pursuant to 28 U.S.C. § 1391 (b), in that

3   a substantial portion of the events or omissions giving rise to plaintiff's claims occurred within

4   this District.

5                              INTRADISTRICT ASSIGNMENT

6          3.     This action should be assigned to the division in San Francisco pursuant to Civil

7   Local Rule 3-2(c) and (d) because it arose from actions that occurred in the County of San

8   Francisco, the location where a substantial portion of the long term disability claim which is the

9   subject of this lawsuit was administered.

10                                       PARTIES

11         4.     Plaintiff is informed and believes that defendant LIFE INSURANCE COMPANY

12  OF NORTH AMERICA (hereinafter "LINA") is a subsidiary of CIGNA Group Insurance

13  engaged in the business of insurance within the State of California, including, but not limited

14  to, claims administration, claims handling, insurance sales, the issuance of short and long term

15  disability policies, life insurance policies and providing insurance coverage.  At all relevant

16  times, an entity listed as CIGNA Group Insurance ("CIGNA") on correspondence relating to

17  the claim which is the subject of this lawsuit, acted as LINA's agent *vis-a-vis* plaintiff's claims

18  for disability and life insurance benefits.  This notwithstanding, a diligent search of public

19  records has revealed no listing for any legal entity known as CIGNA Group Insurance.  As

20  such, plaintiff reserves the right to amend this complaint as necessary.

21         5.     At all relevant times, plaintiff Nancy McFarling was an employee of Calpine

22  Corporation.  She was, and is, a PARTICIPANT, as defined in ERISA § 3 (7) [29 U.S.C. §

23  1002 (7)], in the PLAN.

24         6.     At all relevant times, the Calpine Corporation Employee Benefit Plan was an

25  employee welfare benefit plan within the meaning of ERISA § 3 (1) [29 U.S.C. § 1002 (1)],

26  sponsored by Calpine Corporation, and administered, at least in part, in San Francisco,

27  _____

28  Complaint                              2

California.  At all relevant times, the PLAN, *inter alia*, offered life insurance and short and long term disability benefits to employees of Calpine Corporation, including plaintiff, through, *inter alia*, insurance policies issued by defendant LINA.

7.      At all relevant times, defendant LINA was a fiduciary of the PLAN within the meaning of ERISA § 3 (21) [29 U.S.C. § 1002 (21)].  At all relevant times, LINA exercised control over the payment of short and long term disability benefits and waiver of life insurance premium benefits.

<u>FACTS COMMON TO ALL CLAIMS</u>

8.      Prior to her disability, plaintiff worked full-time as an administrative assistant for Calpine Corporation.

9.      In or about August of 2013, plaintiff filed a claim for disability benefits and waiver of life insurance premium benefits with defendant LINA and the PLAN.  Plaintiff had been suffering from prolonged sickness as a result of her total disability.  As a result of this, and other acute and chronic medical problems, plaintiff was found to be disabled by her treating physicians and the State of California.

10.      On or about September 5, 2013, defendant LINA approved plaintiff's claim for short term disability benefits.

11.      Between August 16, 2013, and the present, and at all other relevant times, plaintiff has complied with all terms and conditions of the PLAN and remained, and continues to remain, totally disabled under the terms of the PLAN.

12.      On or about December 12, 2013, defendant LINA terminated plaintiff's claim for short-term disability benefits, alleging that certain information in its possession indicated that plaintiff did not meet the definition of disability under the terms of the PLAN.

13.      On January 22, 2014, plaintiff appealed LINA's denial of her short-term disability benefits.  Among other things, plaintiff sent LINA additional documentation of her disability and asked that it pay her benefits.  On or about February 19, 2014, LINA denied plaintiff's appeal.

Complaint                                                                 3

14.    On or about April 28, 2014, plaintiff filed a claim for long-term disability benefits and waiver of life insurance premium benefits with defendant LINA and the PLAN.

15.     On or about July 2, 2014, defendant LINA denied plaintiff's claims.

16.    On or about November 14, 2014, plaintiff appealed LINA's denial of her long-term disability benefits.

17.    On or about February 25, 2015, LINA denied plaintiff's appeal.

18.    Pursuant to agreement with LINA, plaintiff filed a second level appeal of her short-term disability, long-tern disability and associated waiver of life insurance premium claims on November 30, 2015.

19.    LINA never responded to the appeal.

20.    Plaintiff has exhausted her administrative remedies.

21.    At all relevant times herein, plaintiff has been, and remains, totally disabled and entitled to benefits under the terms of the PLAN.

## FIRST CLAIM FOR RELIEF
(Claim for Plan Benefits Pursuant to ERISA § 502(a) (1) (B))

22.    Plaintiff realleges and incorporates as though set forth in full the allegations contained in paragraphs 1 through 21 of this complaint.

23.    ERISA § 502(a) (1) (B) [29 U.S.C. § 1132 (a) (1) (B)], permits a participant in a plan to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or clarify her rights to future benefits under the terms of a plan.

24.    By, *inter alia*, failing to pay plaintiff short and long-term disability and waiver of life insurance premium benefits, despite her complying with the PLAN's requirement of submitting written proof of her total disability; relying on a standard of proof not articulated in the PLAN's provisions; refusing to provide plaintiff with  medical or other documentation which substantiated its decision to deny benefits; and failing to produce documents to which plaintiff

Complaint                                              4

was entitled pursuant to ERISA and the applicable Department of Labor Regulations (29 C.F.R. § 2560.503-1), defendant has violated, and continues to violate, the terms of the PLAN and plaintiff's rights thereunder.

**WHEREFORE,** plaintiff prays that the Court enter judgment against defendant as is hereinafter set forth.

### SECOND CLAIM FOR RELIEF
(For Equitable Relief Under ERISA §502(a) (3))

25.     Plaintiff incorporates as though set forth in full the allegations contained in paragraphs 1 through 24 of this complaint.

26.     ERISA § 502(a) (3) [29 U.S.C. § 1132 (a) (3)], permits a participant in a plan to bring a civil action to obtain equitable relief to redress any act or practice which violates the terms of a plan or ERISA, or to enforce any term(s) of a plan or of ERISA.

27.     In its capacity as a claims fiduciary, defendant LINA owed plaintiff certain fiduciary duties, including that it discharge its duties:

1)  for the exclusive purposes of providing benefits to participants and beneficiaries and defraying reasonable expenses of administering the PLAN;

2)  with the care, skill and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

3)  in accordance with the documents and instruments governing the PLAN; and

4)  without misleading plaintiff or misrepresenting information about the status of her claim.

28.     In refusing to pay the benefits at issue herein, defendant has violated the terms of the PLAN, ERISA and Department of Labor Regulation 29 C.F.R. § 2560.503-1, by its acts, including, but not limited to: breaching its fiduciary duties under ERISA § 404 (29 U.S.C. § 1104); violating the terms of the PLAN; violating the relevant Department of Labor Regulations

---

Complaint                                              5

including those set forth in 29 C.F.R. § 2560.503-1; failing to furnish plaintiff with documents relating to her claim for benefits within the time period specified by the applicable Department of Labor Regulations; acting in bad faith by denying her claim in reliance upon a standard not set forth in the PLAN; failing to provide specific reference to pertinent PLAN provisions on which the denial was based;  failing to provide plaintiff with a description of what information was needed to perfect her claim(s); and ignoring medical records and physicians' opinions which support plaintiff's claim.

29.    Defendant LINA's acts and omissions as alleged herein constitute a breach of its fiduciary duties owed to plaintiff.

30.    As a direct and proximate result of defendant's breach of its fiduciary duties as herein alleged, plaintiff has incurred consequential financial losses and defendant LINA has realized gains, meriting the imposition of an equitable surcharge against said defendant.

31.    As a direct and proximate result of the improper acts and/or omissions herein alleged, plaintiff has been compelled to incur reasonable attorney's fees and other costs associated with the investigation of this claim and the prosecution of this action.

WHEREFORE, plaintiff prays that the Court enter judgment against the defendant as follows:

**PRAYER FOR RELIEF**

A.    Declare that defendant violated the terms of the PLAN and plaintiff's rights thereunder by failing to pay plaintiff her short and long-term disability and waiver of life insurance premium benefits;

B.    Order defendant to pay plaintiff all short and long-term disability and waiver of life insurance premium benefits due her pursuant to the terms of the PLAN, together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;

_____

1    C.    Declare plaintiff's right to receive future long term disability benefit payments

2    under the terms of the PLAN;

3    D.    Order plaintiff's life insurance reinstated;

4    E.    Declare that LINA has breached its fiduciary duties to plaintiff and the PLAN and

5    enjoin LINA from further breaches of its fiduciary duties;

6    F.    Order LINA to comply with all terms of the plan and the relevant Department of

7    Labor Regulations including those set forth in 29 C.F.R. § 2560.503-1;

8    G.    Impose an equitable surcharge, payable to plaintiff, against

9    defendant LINA, in an amount sufficient to fully compensate her for the consequences of its

10    breach measured by financial loss to plaintiff and/or gain realized by defendant LINA.

11    H.    Award plaintiff pre-judgment interest on all monies requested herein;

12    I.    Award plaintiff reasonable attorneys' fees and costs of suit incurred herein

13    pursuant to ERISA § 502(g) [29 U.S.C. § 1132 (g)]; and

14    J.    Provide such other relief as the Court deems equitable and just.

15

16                                      **ROBOOSTOFF & KALKIN**

17

18

19    Dated: August 9, 2017                    By:___/s_____
                                                     Scott Kalkin
20                                                   Attorneys for plaintiff

21

22

23

24

25

26

27    _____

28    Complaint                                  7